819 F.2d 1142
 43 Empl. Prac. Dec. P 37,287
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
N.A.A.C.P., DETROIT BRANCH; The Guardians, Inc.; Brady
Bruenton; Cynthia Martin; Hilton Napoleon; Sharon
Randolph; Betty T. Roland; Grant Battle; Cynthia Cheatom;
Evin Fobbs; John Hawkins; Helen Poellnitz, on Behalf of
Themselves and Others Similarly Situated,
Plaintiff-Appellees, Cross-Appellants,
v.
DETROIT POLICE OFFICERS ASSOCIATION; Thomas Schneider,
Defendants-Appellants, Cross-Appellees,
City of Detroit; Coleman A. Young, Mayor of Detroit;
Detroit Police Department; and Board of Police
Commissioners, Defendants-Appellants.
 Nos. 86-1023, 86-1058 and 86-1109.
 United States Court of Appeals, Sixth Circuit.
 June 8, 1987.
 
 Before MERRITT, WELLFORD and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 This controversy involves claims for attorney fees following resolution of racial dscrimination claims presented on behalf of black police officers against defendants Detroit Police Officers Association (DPOA), an organization representing police officers, and the City of Detroit. Fees were sought by various attorneys representing the plaintiffs. We have dealt previously in an opinion by Judge Merritt (filed May ---, 1987) with the issues on the merits of the appeal arising out of the injunctive order of the district court which precluded layoffs, alleged to be discriminatory in effect, and directed reinstatement of officers previously laid off under a planned reduction in force due to economic and budgetary problems of the City of Detroit, and also ordered certain affirmative relief against DPOA.
 
 
 2
 There are before us three consolidated appeals from the fee award in controversy: plaintiffs' appeal No. 86-1058; DPOA appeal No. 86-1023; and the City of Detroit appeal No. 86-1109. Fees were awarded in the district court's opinion, dated October 21, 1985, and the subsequently entered judgment on December 6, 1985. Allowance of fees grew out of the affirmative relief granted by the district court upon application of plaintiffs through their counsel in the district court's decision set out at 591 F.Supp. 1194 (E.D.Mich.1984). We reversed, holding, in effect, that "approval of a voluntary affirmative action plan [for plaintiffs' benefit] does not create a contract of permanent employment or invalidate or modify a collective bargaining agreement providing for layoffs on a basis of seniority." We held, moreover, that it was error to foreclose bona fide seniority considerations in a layoff situation and that DPOA's failure to bargain against threatened layoffs and the application of seniority in that situation, did not, under the circumstances, constitute a breach of a duty of fair representation to plaintiffs.
 
 
 3
 It is necessary, therefore, that we set aside the decision of the district court with respect to allowance of fees to the attorneys for plaintiffs. It is required that the plaintiffs prevail before attorney fees may be assessed against defendants, and plaintiffs are no longer prevailing parties. The award of fees is REVERSED accordingly.